Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY D. WHEELER,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No.  2:21-cv-03627<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

NOW comes KELLY D. WHEELER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code § 1788 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a natural "person" over 18 years-of-age, who at all times relevant resided in Los Angeles, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "consumer" as defined by Cal. Civ. Code §1788.2(h).

7. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 350 Camino De La Reina, Suite 100, San Diego, California.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

11. The subject debt stems from purportedly past due payments Plaintiff allegedly owes in connection with a Capital One Bank, N.A. ("Capital One") credit card Plaintiff used for personal purposes.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

12. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with Capital One.

13. On or about April 2, 2021, Defendant sent or caused to be sent to Plaintiff a packet of collection correspondences, containing both a letter and a pamphlet outlining various offers in connection with the subject debt, in an attempt to collect upon the subject debt.

14. The letter contained within the packet provided Plaintiff various pieces of information regarding the subject debt, including the below excerpt:



15. Plaintiff was confused as to Defendant's identification of the "Original Creditor" of the subject debt, as the information provided suggests that the current owner of the subject debt may be different that the Original Creditor.

16. As a result of Defendant's confusing representation, Plaintiff was deprived the ability to intelligently respond to Defendant's collection letter, as he was unsure of precisely to whom the debt was owed, information vital to the manner in which Plaintiff would determine how and whether to respond to Defendant's collection correspondences.

17. Defendant's collection letter goes on to reinforce the notion that the correspondence was sent regarding the Capital One debt and offered Plaintiff several options to go about addressing the subject debt.

18. The options presented in the collection letter were: (1) 10% discount, paid in a lump sum, with a payment due date of May 2, 2021; and (2) 5% discount, with payments of $202.35 monthly for 6 months, first payment due May 2, 2021.

19. Defendant's collection letter further states that Defendant is "not obligated to renew any offers provided."

20. The pamphlet Plaintiff received from Defendant similarly contained various offers available to Plaintiff in connection with the subject debt.

21. The front side of the pamphlet states "LIMITED TIME OFFERS."

22. Inside the pamphlet, Defendant presents "5 simple options" which are stated as follows: (1) pay as little as $5/month for the first three months; (2) skip a payment; defer your payments until you can pay; (3) pay when you can: weekly, bi-weekly, or monthly; (4) extra savings are coming your way if you can pay today; and (5) can't pay? We can temporarily stop collections until you are ready to resume making payments.

23. The backside of the pamphlet goes on to state "PLEASE REFER TO ALL ENCLOSED MATERIALS FOR IMPORTANT DISCLOSURE INFORMATION INCLUDING THE OFFER EXPIRATION."

24. On its face, Defendant's collection letter and pamphlet contain internal inconsistencies which greatly confused Plaintiff as to the nature of her options to go about addressing the subject debt.

25. While Defendant's collection letter represents that Plaintiff has the option to make payments as low as $202.35, the pamphlet suggests that Plaintiff could enter into a plan that would

4

allow her to pay as little as $5 a month, demonstrating the literally false nature of Defendant's representation in its collection letter as to the least amount Plaintiff could pay in connection with Defendant's offers regarding the subject debt.

26. Additionally, Plaintiff was unsure about the nature of Defendant's representation that "extra savings are coming your way if you can pay today" – as Plaintiff was confused as to whether the "extra" savings were in addition to the savings Defendant's collection letter represented were available to Plaintiff.

27. Furthermore, Plaintiff was confused as to how the deadline represented in the collection letter (May 2, 2021) interacted with the offers made in the pamphlet.

28. Specifically, Plaintiff was unsure as to whether, in connection with Defendant's offer that Plaintiff skip a payment, she could delay making payments until after the represented deadline, then begin making payments and still be entitled to the offer represented in Defendant's pamphlet.

29. Defendant's additional suggestion that Plaintiff could pay when she was able similarly suggested that she could delay making payments until after the expiration date in the collection letter.

30. The extent to which Defendant's collection letter gives rise to multiple reasonable interpretations of the options purportedly available to Plaintiff and Plaintiff's timeline to accept any such offers demonstrates Defendant's deceptive and misleading conduct in connection with its efforts to collect the subject debt from Defendant.

31. Furthermore, Defendant's correspondences were clearly designed to illustrate the purported time-sensitive nature of the options available therein; however, upon information and belief, Defendant would have allowed Plaintiff to avail herself of many of the options represented in the collection letter after May 2, 2021.

32. Defendant deceptively and misleadingly represented the time-sensitive nature of its offers in an attempt to compel Plaintiff's prompt attention to the subject debt, notwithstanding the inherent inconsistencies and lack of vital information included within its collection correspondences.

33. While Defendant's collection letter states that it is not obligated to renew any of the offers provided, this language only furthers the time-sensitive nature of Defendant's representations and similarly left Plaintiff with the impression that she must act promptly or else lose the ability to avail herself of the many options Defendant represented as being available to her.

34. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with counsel regarding her rights, resulting in expenses.

35. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently chart a course of conduct in response to Defendant's efforts to collect the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear, accurate, and non-misleading information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges the previous paragraphs as though fully set forth herein.

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §§ 1692e, e(2), and e(10) through its deceptive and misleading representation that the current owner of the subject debt may be different than the original owner of the subject debt. Plaintiff was extremely confused as to whom the current owner of the subject debt was based on Defendant's confusing and misleading representation. As a result of Defendant's misrepresentation, Plaintiff was deprived of the ability to intelligently chart a course of conduct in response to Defendant's collection efforts, as information regarding the current owner of a subject debt was crucial to Plaintiff's decision-making process in connection with the subject debt.

41. Defendant further violated §§ 1692e and e(10) through its confusing and inconsistent representations as to the options available to Plaintiff to address the subject debt. Defendant's collection correspondences, when viewed in conjunction, contain literal falsities and inherent inconsistencies that led Plaintiff, and the unsophisticated consumers, into multiple reasonable interpretations of the nature of the offers made by Defendant, at least some of which would be false, demonstrating the deceptive and misleading nature of Defendant's offers.

42. Defendant further violated §§ 1692e, e(2), and e(10) through its deceptive representations as to the deadline by which Plaintiff would have to accept Defendant's purported offers made in connection with the subject debt. Based on the nature of the offers provided, and further upon information and belief, Defendant would have made similar offers and extended those offers to Plaintiff after the represented deadline. Defendant's statement that it is not obligated to renew the offers only furthers their time-sensitive nature. As a result of Defendant's conduct, Plaintiff was confused and concerned that she would lose the ability to avail herself of the various options given her inability to address the subject debt, causing her stress and anxiety.

WHEREFORE, Plaintiff, KELLY D. WHEELER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

43. Plaintiff restates and realleges paragraphs all previous paragraphs as though fully set forth herein.

44. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

45. As stated above, Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, KELLY D. WHEELER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    **c.** Awarding the Plaintiff costs and reasonable attorney fees; and

    **d.** Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 28, 2021                       Respectfully submitted,

                                                      **KELLY D. WHEELER**

                                                      By: */s/ Nicholas M. Wajda*

                                                      Nicholas M. Wajda
                                                    **WAJDA LAW GROUP, APC**
                                                    6167 Bristol Parkway
                                                    Suite 200
                                                    Culver City, California 90230
                                                    +1 310-997-0471
                                                    nick@wajdalawgroup.com